# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT E. CHRISTOFFERSON and SANDRA W. CHRISTOFFERSON,** <br><br> **Plaintiffs** <br><br> v. <br><br> **ALL PURE POOL SERVICE OF CENTRAL CALIFORNIA, a California Corporation d/b/a America's Swimming Pool Co., et al.,** <br><br> **Defendants** | CASE NO. 1:18-CV-1370 AWI SAB <br><br> **ORDER TO SHOW CAUSE** |

Plaintiffs filed this breach of contract action on October 4, 2018. On April 3, 2019, at Plaintiffs' request, the Clerk's office made an entries of default against all Defendants. See Doc. Nos. 18, 19, 22.

A review of the Complaint shows that Plaintiffs have alleged diversity jurisdiction. See Complaint ¶ 1. Plaintiffs allege that they are "residents" of Florida. See id. at ¶¶ 1, 3. Plaintiffs allege that the Defendants are "citizens" of California, as they all reside in California. See id. at ¶ 1. The Complaint also alleges that Defendants Phil Zavala and Julie Zavala are residents of Denver, Colorado. See id. at ¶ 7.

Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a); Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016). Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each

defendant. Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). A natural person's citizenship is determined by her "domicile," which is the person's "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's State of residence is not necessarily her State of citizenship. See id.; see also Scott v. Cricket Communs., LLC, 865 F.3d 189, 195 (4th Cir. 2017). Because domicile, not residence, determines citizenship, allegations of residence are insufficient to establish citizenship or diversity jurisdiction. See Scott, 865 F.3d at 195; Rainero, 844 F.3d at 839; Travaglio v. American Express Co., 735 F.3d 1266, 1268-69 (10th Cir. 2013); Kanter, 265 F.3d at 857-58. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero, 844 F.3d at 840 (quoting NewGen, LLC v. Safe Cit, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)); see Kanter, 265 F.3d at 857-58.

      Here, the allegations in the Complaint fail to adequately allege citizenship. First, as indicated above, Plaintiffs only allege that they are residents of Florida. Plaintiffs better than anyone else know their own domicile and thus, citizenship. The Court can conceive of no reason why Plaintiffs have failed to allege their citizenship. Alleging that they are residents of Florida is insufficient.[1] See Scott, 865 F.3d at 195; Rainero, 844 F.3d at 839; Travaglio, 735 F.3d at 1268-69; Kanter, 265 F.3d at 857-58. Second, the citizenship of the natural Defendants is not adequately alleged. The Complaint in relevant part reads: ". . . defendants who are citizens of a different state, namely California, as all defendants are residents of the State of California . . . ." Complaint ¶ 1. The problem is that the sentence is basing citizenship on residence. It may be that the natural defendants are citizens of California, but that conclusion is reached only if California is their domicile, not just their residence. See Kanter, 265 F.3d at 857-58. Basing citizenship only on residence is insufficient. See Rainero, 844 F.3d at 839; Kanter, 265 F.3d at 857-58. Finally, the Complaint alleges that Phil Zavala and Julie Zavala are residents of Denver, Colorado. See

---

[1] Plaintiffs do allege that they were interested in selling their California swimming pool servicing company and moving to Florida. See Complaint ¶ 8. However, moves can be temporary, and simply because Plaintiffs are in Florida does not mean that they are domiciles/citizens of Florida. See Scott, 865 F.3d at 195; Kanter, 265 F.3d at 857-58. The fact remains that there are only allegations that address Plaintiffs' residence, not their domicile or citizenship.

2

Complaint ¶ 7. The allegation that the Zavalas are residents of Denver is inconsistent with the allegation in the very first paragraph that all Defendants are residents of California. Again, the allegation of residence does not establish citizenship, see Rainero, 844 F.3d at 839; Kanter, 265 F.3d at 857-58, but given the inconsistency, it is even unknown in which State the Zavalas actually reside.²

Plaintiffs have failed to meet their burden to properly plead citizenship and thus, diversity jurisdiction. See Rainero, 844 F.3d at 840; NewGen, 840 F.3d at 613-14; Kanter, 265 F.3d at 857-58. As a result, it is appropriate for Plaintiffs to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of service of this order, Plaintiffs are to show cause is writing why this case should not be dismissed for lack of subject matter jurisdiction; and
2. Failure of the Plaintiffs to timely show cause will result in the vacation of the Clerk's entries of default and the dismissal of this case for lack of subject matter jurisdiction without further notice.

IT IS SO ORDERED.

Dated:  April 4, 2019                                   _____
                                                          SENIOR DISTRICT JUDGE

---

² The Court notes that the Complaint alleges that the Zavalas are shareholders of the two defendant corporations. See Complaint ¶ 7. To the extent

3