# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT E. CHRISTOFFERSON and SANDRA W. CHRISTOFFERSON,**<br><br>**Plaintiffs**<br><br>v.<br><br>**ALL PURE POOL SERVICE OF CENTRAL CALIFORNIA, a California Corporation d/b/a America's Swimming Pool Co., et al.,**<br><br>**Defendants** | **CASE NO. 1:18-CV-1370 AWI SAB**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

Plaintiffs filed this breach of contract action on October 4, 2018. See Doc. No. 1. On April 3, 2019, at Plaintiffs' request, the Clerk's office made entries of default against all Defendants. See Doc. Nos. 18, 19, 22. On April 4, 2019, the Court issued an order to show cause ("OSC"). See Doc. No. 24. The OSC identified insufficient jurisdictional allegations with respect to the citizenship of the non-entity parties. See id.

On April 17, 2019, Plaintiff responded to the OSC. See Doc. Nos. 25, 26, 27. As part of their response, Plaintiffs confirm that they are domiciles of Florida. See Doc. No. 27. Plaintiffs' response also indicates that they believe: (1) Defendants Jack and Susie Carter (as trustees of the Carter Family Trust)[1] are citizens of California, (2) Defendants Phil and Julie Zavala are citizens of Colorado, and (3) no Defendant is a citizen of Florida. See Doc. Nos. 26, 27. Plaintiffs also reiterate that their Complaint alleged that both entity Defendants (All Pure Pool Service of Central California, Inc. and All Pure Pool & Spa, Inc.) are California corporations with their principal places of business in California. See Doc. No. 25.

---

[1] The Court notes that a trust has the citizenship of its trustees. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

As relevant to the OSC, diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant.[2] Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). A natural person's citizenship is determined by her "domicile," which is the person's "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016).

Here, the Plaintiffs' response indicates that complete diversity exists because the Plaintiffs are citizens of Florida and the Defendants are either citizens of California or Colorado. Therefore, the Court is satisfied that Plaintiffs can adequately plead and invoke diversity jurisdiction. Because Plaintiffs are under an obligation to adequately plead the existence of diversity jurisdiction, see Rainero, 844 F.3d at 840, it is appropriate for Plaintiffs to file an amended complaint that cures the jurisdictional defects identified in the OSC.[3] See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014) (holding that plaintiffs should be permitted to cure technical defects, such as "alleging diversity jurisdiction based on residency rather than citizenship . . . .").[4]

---

[2] Diversity jurisdiction also requires that over $75,000 be in controversy. The allegations in the Complaint demonstrate that well over $75,000 is in controversy in this case. See Doc. No. 1.

[3] As indicated above, Plaintiffs' response addresses the citizenship of the two corporate Defendants. However, the Court did not raise any concerns over the citizenship of the corporate Defendants. The Complaint alleged that both corporate defendants were California corporations who had their principal places of business in California. See Doc. No. 1 at ¶¶ 4, 5. The Court agrees with Plaintiffs that these allegations sufficiently allege that the two corporate Defendants are citizens of California only. See 28 U.S.C. § 1332(c)(1); Johnson, 437 F.3d at 899.

[4] The Court notes that Plaintiffs have cited *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) for the proposition that a person's residence is presumed to be his domicile. While the Ninth Circuit has recognized this authority, it has not adopted (or declined to adopt) "the residence presumption." See Jes Solar Co. v. Chung, 725 F. App'x 467, 469 (9th Cir. 2018); Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013). While the "residence presumption" appears to be an open question in the Ninth Circuit, this Court has reservations about the presumption. Existing Ninth Circuit case law has held that alleging only residency is insufficient for purposes of 28 U.S.C. § 1332, see Kanter, 265 F.3d at 857-58, and held that alleging jurisdiction based on residency is a defect, albeit a "technical defect," that should be cured through amendment. See Carolina Cas., 741 F.3d at 1086. Application of the residency presumption arguably creates tension with this authority. However, because the issue has not been adequately briefed, and because the Court intends to follow *Carolina Cas.* and permit amendment, it is unnecessary for the Court adopt or decline to adopt the "residence presumption" at this time.

Additionally, as indicated above, entries of default have been made by the Clerk with respect to each Defendant. Pursuant to Federal Rule of Civil Procedure 5, "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Correcting the jurisdictional allegations in order to properly allege citizenship does not constitute a "new claim for relief" for purposes of Rule 5(a)(2). See Leprino Foods Co. v. JND Thomas Co., 2017 U.S. 23186, *4-*5 & n.1 (E.D. Cal. Feb. 17, 2017); JBR, Inc. v. Café Don Paco, Inc., 2014 U.S. Dist. LEXIS 142850, *1-*3 (N.D. Cal. Sept. 30, 2014). Therefore, once Plaintiffs file an amended complaint that cures the jurisdictional defects identified in the OSC, no service of that amendment complaint is required and this matter may proceed forthwith. See Fed. R. Civ. P. 5(a)(2); Leprino Foods, 2017 U.S. Dist. LEXIS 23186 at *4-*5 & n.1; JBR, 2014 U.S. Dist. LEXIS 142850 at *1-*3.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (Doc. No. 24) is DISCHARGED;
2. As soon as possible, but no later than fourteen (14) days from the service of this order, Plaintiffs shall file an Amended Complaint that properly alleges the citizenship of the parties and properly invokes diversity jurisdiction; and
3. After the amended complaint is filed, Plaintiffs shall contact the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: May 2, 2019

_____
SENIOR DISTRICT JUDGE