# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. CHRISTOFFERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALL PURE POOL SERVICE OF CENTRAL CALIFORNIA, INC., et al.,<br><br>Defendants. | Case No. 1:18-cv-01370-AWI-SAB<br><br>ORDER REQUIRING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT<br><br>DEADLINE: AUGUST 28, 2019 |

Plaintiffs Robert Christofferson and Sandra Christofferson ("Plaintiffs") filed this action on October 4, 2018, bringing claims for breach of contract, money on common counts, claim and delivery, and breach of guaranty against Defendants All Pure Pool Service of Central California, Inc. ("All Pure"), All Pure Pool & Spa, Inc. ("APPS"), Jack Carter as Trustee of the of the Carter Family Trust ("Jack Carter"), Susie Carter as Trustee of the Carter Family Trust ("Susie Carter") (Jack Carter and Susie Carter are collectively referred to herein as the "Carters"), Phil Zavala, and Julie Zavala (Phil Zavala and Julie Zavala are collectively referred to herein as the "Zavalas") (all named Defendants are collectively referred to herein as the "Defendants"). (ECF No. 1.) On August 2, 2019, Plaintiffs Robert Christofferson and Sandra Christofferson filed an application for default judgment and supporting materials. (ECF Nos. 33, 34, 35, 36, 37, 38.) A hearing on the application is set for September 4, 2019. (ECF No. 39.) Upon review of the materials submitted, the Court has found areas of concern that Plaintiffs shall address through supplemental briefing in advance of the September 4, 2019 hearing as described below.

1

### A. Lapse of the UCC Filing Acknowledgements

Plaintiffs state that to perfect the All Pure Security Agreement and APPS Security Agreement, Plaintiffs recorded a UCC-1 Financing Statement with the California Secretary of State. (FAC ¶ 11.) Upon review of these statements, the Court notes that the filings lapsed on January 9, 2017. (ECF No. 30-1 at 112, 117.)

Generally, under the Uniform Commercial Code ("UCC"), "a filed financing statement is effective for a period of five years after the date of filing." UCC § 9-515(a). The "effectiveness of a filed financing statement lapses on the expiration of the period of its effectiveness unless before the lapse a continuation statement is filed pursuant to subsection (d)." UCC § 9-515(c). "Upon lapse, a financing statement ceases to be effective and any security interest . . . that was perfected by the financing statement becomes unperfected, unless the security interest is perfected otherwise. If the security interest . . . becomes unperfected upon lapse, it is deemed never to have been perfected as against a purchaser of the collateral for value." Id.

In their supplemental briefing, Plaintiffs are to address whether the financing statement has become unperfected, and what impact such would have on Plaintiffs' seeking of the collateral under the security agreements, and other damages sought.

Additionally, to perfect Plaintiffs' security interest in the stock pledged in the Carter and Zavala Security Agreement, the Carters and the Zavalas each executed an "Assignment Separate from Certificate." (FAC ¶ 12.) Plaintiffs are to address whether any similar lapse period is applicable to the perfection of these instruments.

### B. The Carters were not sued or Served in their Individual Capacities

Defendants Jack Carter and Susie Carter were sued as Trustees of the Carter Family Trust, not in their individual capacities. Further, Defendants Jack Carter and Susie Carter were only served in their capacities as Trustees of the Carter Family Trust as well. (ECF Nos. 6-1, 7-1.) While the Agreement, Supplement, and Assignment Separate from Certificate forms were only signed by the Carters in their capacities as Trustees, the Note (ECF No. 30-1 at 67) and the Carter and Zavala Security Agreement (ECF No. 30-1 at 110) were signed by the Carters both as Trustees and individuals. Further, Plaintiffs' proposed order seeks recovery of personal property

from Jack Carter and Susie Carter both individually and as trustees of the Carter Family Trust. (ECF No. 37 at 3.)

Plaintiffs are to address whether Jack Carter and Susie Carter, in their individual capacities, are required to be added to an amended complaint, and then served in their individual capacities with an opportunity to respond, or whether the Plaintiffs wish to proceed without naming the Carters in their individual capacities.

### C. Entitlement of Defendants to Credit Offset

Plaintiffs' proposed order paragraph 2(a) states Plaintiffs shall recover possession of certain property from Jack Carter and Susie Carter, and paragraph 2(b) states Plaintiffs shall recover possession of certain property from Defendants All Pure and APPS. (ECF No. 37.) Paragraph 2(f) of the proposed order states that Defendants "shall be entitled to a credit for the amount of proceeds recovered by Plaintiffs from the disposition of any of the personal property recovered by Plaintiffs from Defendants All Pure, APPS and the Carters, as set forth in paragraph 2(a), above." (ECF No. 37 at 4-5.) Paragraph 2(f) does not reference paragraph 2(b) which corresponds to All Pure and Apps.

In their supplemental briefing, Plaintiffs are to clarify whether the proposed order paragraph 2(f) should also refer to paragraph 2(b).

### D. The Eitel Factors

The Ninth Circuit has set forth seven factors (the "Eitel factors") that the Court is to consider on a motion for default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Plaintiffs' briefing does not address these factors. Plaintiffs shall address these factors in their supplemental briefing.[1]

///
///
///

---

[1] While the Court could sufficiently weigh these factors based on the materials already submitted, given the need for supplemental briefing to address the areas of concern described herein, the Court finds it would be helpful for Plaintiffs to address the specific Eitel factors in their supplemental briefing.

### E. Conclusion and Order

On or before August 28, 2019, Plaintiffs shall submit supplemental briefing addressing the issues described above. Plaintiffs shall also serve a copy of this order and the supplemental briefing on Defendants within two (2) days of filing the supplemental briefing.

IT IS SO ORDERED.

Dated: **August 23, 2019**

UNITED STATES MAGISTRATE JUDGE