# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. CHRISTOFFERSON, et al., | Case No. 1:18-cv-01370-AWI-SAB |
| Plaintiffs, | ORDER GRANTING REQUEST TO WITHDRAW APPLICATION FOR DEFAULT JUDGMENT |
| v. | |
| ALL PURE POOL SERVICE OF CENTRAL CALIFORNIA, INC., et al., | ORDER GRANTING REQUEST TO VACATE ENTRIES OF DEFAULT |
| Defendants. | ORDER GRANTING REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| | ORDER VACATING OCTOBER 16, 2019 HEARING |
| | (ECF Nos. 22, 33, 51, 54) |

## I.

## INTRODUCTION

On April 3, 2019, the Clerk of the Court entered default against Defendants. (ECF No. 22.) On August 2, 2019, Plaintiffs filed an application for default judgment. (ECF No. 33.) On September 11, 2019, the Court held a hearing on Plaintiffs' motion for default judgment. (ECF No. 52.) In response to the Court's questions at the hearing, Plaintiffs requested a continuance of the hearing, and the Court continued the hearing on Plaintiff's application and ordered Plaintiffs to file a status report on or before October 2, 2019. (ECF No. 51.) On October 2, 2019, Plaintiffs filed a status report along with a request to withdraw Plaintiffs' application for default

judgment, a request to vacate the entries of default, as well as a request for leave to file a second amended complaint. (ECF No. 54.) For the reasons explained in this order, Plaintiffs' requests shall be granted.

## II.

## BACKGROUND

Plaintiffs Robert Christofferson and Sandra Christofferson ("Plaintiffs") filed this action on October 4, 2018, bringing claims for breach of contract, money on common counts, claim and delivery, and breach of guaranty against Defendants All Pure Pool Service of Central California, Inc. ("All Pure"), All Pure Pool & Spa, Inc. ("APPS"), Jack Carter as Trustee of the of the Carter Family Trust ("Jack Carter"), Susie Carter as Trustee of the Carter Family Trust ("Susie Carter") (Jack Carter and Susie Carter are collectively referred to herein as the "Carters"), Phil Zavala, and Julie Zavala (Phil Zavala and Julie Zavala are collectively referred to herein as the "Zavalas") (all named Defendants are collectively referred to herein as the "Defendants"). (ECF No. 1.) No Defendants filed a responsive pleading, a motion to dismiss, or otherwise appeared in this action. On January 23, 2019, the Court issued an order requiring Plaintiffs to advise the Court of the status of the action or to file a request for entry of default. (ECF No. 12.) On January 24, 2019, Plaintiffs filed a notice of settlement, and on January 28, 2019, the Court issued an order requiring dispositive documents to be filed within sixty days. (ECF Nos. 13, 14.) On March 21, 2019, Plaintiffs requested additional time to file dispositive documents, and stated in the request that they had informed Defendants that Defendants had to either accept the terms of the pending settlement agreement or file a responsive pleading no later than March 25, 2019. (ECF No. 15.) On March 22, 2019, the Court issued an order: (1) requiring Defendants to file a responsive pleading on or before March 25, 2019 if a settlement agreement was not reached; (2) granting Plaintiffs' request for an extension to file dispositive documents; (3) requiring Plaintiffs to file either dispositive documents if a settlement was reached or a request for entry of default, on or before April 29, 2019; and (4) requiring Plaintiffs to serve a copy of the order on Defendants within two days of entry of the order. (ECF No. 16.)

On April 3, 2019, Plaintiffs filed a request for entry of default, and served the request on

Defendants.  (ECF No. 18.)  On April 3, 2019, the Clerk of the Court entered the default of all named Defendants in the action.  (ECF No. 22.)  On April 4, 2019, pursuant to the Plaintiffs' Rule 41 notice, the Court dismissed all Doe Defendants in the action.  (ECF No. 23.)

On April 4, 2019, the District Judge assigned to this action issued an order to show cause as to why the case should not be dismissed due to insufficient pleading of citizenship of the parties and failure to establish diversity jurisdiction.  (ECF No. 24.)  On April 17, 2019, Plaintiffs submitted a response to the order to show cause and supporting declarations.  (ECF Nos. 25, 26, 27.)  On May 2, 2019, the District Judge issued an order discharging the April 4, 2019 order to show cause and ordered Plaintiffs to file a first amended complaint within fourteen days of service of the order.  (ECF No. 29.)  The May 2, 2019 order also specified that because the Defendants had defaulted for failing to appear in the action, and because the to be filed first amended complaint was to cure jurisdictional defects identified in the order to show cause and would not establish a new claim for relief, no further service of the amended complaint on the Defendants was necessary to proceed with the action.  (Id.)  On May 7, 2019, Plaintiffs filed a first amended complaint, the operative complaint in this matter.  (First Am. Compl. ("FAC"), ECF No. 30.)

On June 25, 2019, the Court issued an order requiring Plaintiff to file an application for default judgment within sixty days of service of the order.  (ECF No. 32.)  On August 2, 2019, Plaintiffs filed an application for default judgment.  (ECF Nos. 33, 34, 35, 36.)  On August 23, 2019, the Court ordered supplemental briefing to address various questions the Court had concerning the application for default judgment.  (ECF Nos. 40, 41.)  On August 23, 2019, Plaintiffs requested a continuance of the hearing on the application to allow for additional time to submit supplemental briefing.  (ECF No. 42.)  On August 26, 2019, the Court granted Plaintiffs' request and continued the hearing until September 11, 2019, and extended the due date for supplemental briefing until September 4, 2019.  (ECF No. 43.)  On September 4, 2019, Plaintiffs filed supplemental briefing.  (ECF Nos. 46, 47, 48, 49, 50.)

The Court held a hearing on the application for default judgment on September 11, 2019.  (ECF No. 52.)  Counsel Keith White appeared on behalf of Plaintiffs, however no Defendants

made an appearance at the hearing.  (ECF No. 52.)  In response to the Court's questions at the hearing, Plaintiffs requested a continuance of the hearing, and the Court continued the hearing on Plaintiff's application until October 16, 2019, and ordered Plaintiffs to file a status report on or before October 2, 2019.  (ECF No. 51.)  On October 2, 2019, Plaintiffs filed a status report along with a request to withdraw Plaintiffs' application for default judgment, a request to vacate the entries of default, as well as a request for leave to file a second amended complaint.  (ECF No. 54.)  The Court now turns to these requests.

### III.

### DISCUSSION

**A.    Plaintiffs' Request to Set Aside the Entries of Default**

On April 3, 2019, pursuant to Plaintiffs' request, the Clerk of the Court entered default against each Defendant in this action.  (ECF No. 22.)  Plaintiffs now request to vacate the entries of default to allow Plaintiffs to file a second amended complaint.  (ECF No. 54.)

Once default has been entered against a defendant, the Court may, "[f]or good cause shown … set aside an entry of default. . . ."  Fed. R. Civ. P. 55(c); see also Fed. R. Civ. P. 77(c)(2)(B) ("Subject to the court's power to suspend, alter, or rescind the clerk's action for good cause, the clerk may . . . enter a default").  "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment."  O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  Default judgment is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).  Therefore, "[w]here timely relief is sought from a default . . .  and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits."  Mendoza, 783 F.2d at 945-946 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974)).  In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff.  American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

This is not the typical situation where a defendant who has had default entered against them moves the Court to set aside the entry of default, and thus the normal factors described above for the Court to consider on such a motion are not directly relevant here. Here, through the process of applying for default judgment, Plaintiffs have considered the Court's concerns with certain aspects of the operative complaint and application for default judgment, and request to address these concerns through setting aside the entries of default and by filing a second amended complaint. (ECF No. 54 at 3.) Based on these facts, the Court finds good cause to set aside the entries of default and shall order the Clerk of the Court to set aside the entries of default. As a related matter, the Court shall also order the Plaintiffs' application for default judgment to be withdrawn, and vacate the scheduled hearing.

**B.    Plaintiffs' Request to File a Second Amended Complaint**

A party may amend a pleading once as a matter of course within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). If a party cannot amend a pleading as a matter of course, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court is to apply this policy of granting leave with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule

15(a) in favor of granting leave to amend." Id. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

The Court cannot discern any bad faith or undue delay in Plaintiffs' request. The burden to demonstrate prejudice falls on the party opposing the amendment, and no Defendants have appeared in this action and no parties who have appeared oppose the amendment. The Court does not find any indication that the proffered amendment would be futile in any manner. While the Plaintiffs have previously amended the complaint once in this action, it was in response to concerns by the District Judge regarding insufficient pleading of diversity jurisdiction, and the amended complaint only cured jurisdictional defects and established no new claim for relief. (ECF Nos. 24, 25, 26, 27, 29, 30.)

Therefore, for these reasons, the Court shall grant Plaintiff leave to file a second amended complaint under Rule 15(a)(2), as the factors weigh in favor of permitting Plaintiff to file the proposed amended complaint, and such outcome is consistent with the liberal policy favoring amendment under Rule 15.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiffs' request to set aside the entry of default (ECF No. 54), is GRANTED;

2.  The Clerk of Court shall SET ASIDE the entry of default entered on April 3, 2019, against Defendants All Pure Pool & Spa, Inc., All Pure Pool Service of Central California, Inc., Jack Carter, Susie Carter, Julie Zavala, and Phil Zavala (ECF No. 22);

3.  Plaintiff's request to withdraw the application for default judgment (ECF No. 54), is GRANTED;

4.  Plaintiffs' application for default judgment (ECF No. 33), is HEREBY WITHDRAWN, without prejudice as to its future filing;

///

5.   The hearing on Plaintiffs' application for default judgment set for October 16, 2019 (ECF Nos. 51, 52), is HEREBY VACATED;

6.   Plaintiff's request for leave to file a second amended complaint (ECF No. 54), is GRANTED;

7.   Plaintiffs shall file a second amended complaint within ten (10) days of entry of this order; and

8.   Plaintiffs shall serve a copy of this order on Defendants within three (3) days of entry.

IT IS SO ORDERED.

Dated:   **October 4, 2019**

UNITED STATES MAGISTRATE JUDGE