1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. CHRISTOFFERSON, et al., | Case No.  1:18-cv-01370-AWI-SAB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| ALL PURE POOL SERVICE OF CENTRAL CALIFORNIA, INC., et al., | (ECF Nos. 81, 96, 98) |
| Defendants. | |

On October 4, 2018, Robert E. Christofferson and Sandra W. Christofferson ("Plaintiffs") filed this action against All Pure Pool Service of Central California, Inc., All Pure Pool & Spa, Inc., Jack Carter , Susie Carter, Julie Zavala, and Phil Zavala ("Defendants").  (ECF No. 1.)  On October 11, 2019, Plaintiffs filed a second amended complaint, the operative complaint in this matter.  (ECF No. 59.)   On March 4, 2020, the Clerk of the Court entered default against Defendants.  (ECF Nos. 74, 75, 76, 77, 78, 79.)  On May 4, 2020, Plaintiffs filed a motion for default judgment against all Defendants on the causes of action in the second amended complaint.  (ECF No. 81.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On June 16, 2020, the assigned magistrate judge issued findings and recommendations recommending that Plaintiffs' motion for default judgment be granted.  (ECF No. 96.)  The findings and recommendations provided that any party could file objections thereto within fourteen (14) days.  On June 19, 2020, Plaintiffs submitted

objections to the findings and recommendations, highlighting certain corrections to the calculations of final damages (collectively "Corrections"). (ECF No. 98.) Defendants have filed no objections and the deadline to do so has expired.

Turning to the proffered Corrections, Plaintiffs first proffer that on page 2, line 12, of the findings and recommendations, the year should read 2018 instead of 2019. (ECF Nos. 96 at 2, 98 at 2.) The Court accepts the Correction and finds it does not impact the substantive merits of the findings and recommendations. (ECF Nos. 10, 11.)

Second, Plaintiffs proffer that page 46, lines 16-18, of the findings and recommendations, should have read: "(3) $350.00 per hour for the service of Sheryl D. Noel; (4) $325.00 per hour for the services of Keith White, Jennifer T. Poochigian, and Craig Tristao; and (5) $165.00 an hour for the services of paralegals Rin Bo and Janet Sheen." (ECF Nos. 96 at 46, 98 at 2.) The Court accepts this Correction and finds it does not impact the ultimate calculation of attorneys' fees or the amount recommended to be awarded by the magistrate judge.[1]

Plaintiff next proffers that page 50, line 1, of the findings and recommendations should be corrected to include "plus $9,635.27 of accrued, yet unpaid interest," directly after "$1,012,045.98" in order to include the accrued, yet unpaid interest. (ECF No. 98 at 2.) Based on this correction, Plaintiffs further proffer that the following changes should be made as relating to the inclusion of this accrued interest: (1) page 50, footnote 46 of the findings and recommendations should be corrected by inserting "Accrued, yet unpaid interest of $9,635.27," after the first complete sentence[2]; (2) page 51, line 19, should be corrected by replacing "$1,012,045.98" with "$1,021,681.25"; and (3) page 51, footnote 49, should be corrected by replacing "(15092.27 + 765906.06 + 231047.65 = 1,012,045.98)" with "(15092.27 + 765906.06

---

[1] The magistrate judge found that while Plaintiffs' briefing had proffered Sheryl Noel's customary rate was $325.00 per hour, the timekeeping records reflected she in fact billed at the rate of $350.00 per hour. (ECF No. 96 at 45.) While the proffer was incorrect, the requested total amount of fees for counsel Noel did reflect the correct calculation of 2.6 hours at the rate of $350.00 per hour for a total of $910.00, and the magistrate judge correctly incorporated this amount into the final calculation of attorneys' fees and recommended judgment. (ECF No. 96 at 47-48, 52.)

[2] The Court finds a clearer correction would read: "The accrued, yet unpaid interest on the Consulting Agreement was $9,635.27, as of May 29, 2020."

+ 231047.65 + 9635.27 = $1,021,681.25)".   (ECF No. 98 at 2.)   The Court accepts these Corrections and incorporates them below.[3]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Local Rule 304, this court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the court finds that the findings and recommendations are supported by the record and proper analysis, with the Plaintiff's proffered Corrections noted above and incorporated into the judgment below.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued June 16, 2020 (ECF No. 96) are ADOPTED in full with the Corrections described above incorporated herein;

2. Plaintiffs' motion for default judgment (ECF No. 81) is GRANTED;

3. Judgement shall be entered in favor of Plaintiffs, and against Defendants as follows:

    a. <u>On the First Cause of Action:</u>

        Judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendants Jack Carter & Susie Carter (in their capacity as Trustees only), Phil Zavala, Julie Zavala, All Pure, and All Pure Pool & Spa, Inc. (APPS), jointly and severally in the amount of $15,092.27, plus daily interest of $4.1349 from September 25, 2019 to the date of entry of judgment, plus costs and attorneys' fees.

---

[3]  On June 9, 2020, the day prior to the hearing on the motion for default judgment, Plaintiffs filed a supplemental declaration notifying the Court that since the time of the filing of the motion for default judgment, negotiations continued and Defendants had made two additional payments of $3,000.00, for a total of $6,000.00.  (ECF No. 93.)  On June 10, 2020, the Court held a hearing, and on June 11, 2020, in response to the Court's questions presented at the hearing concerning other accounting calculations, Plaintiffs' counsel filed a supplemental declaration addressing such questions, and further applying the two recent payments of $3,000.00 to the accounting calculations.  (ECF No. 95.)  The magistrate judge verified and confirmed the calculations and application of the two payments made on the Consulting Agreement, with the payments reducing the amount of accrued interest from $15,635.27 as of May 29, 2020, to $9,635.27, with further daily interest accruing in the amount of $63.3007 from May 29, 2020, on the Consulting Agreement.  (ECF No. 96 at 38-39.)  Plaintiffs did not provide an updated proposed order.  The amount of accrued interest was corrected in the magistrate judge's recommended order as to the third cause of action on the Consulting Agreement, but was not further incorporated into the fifth and seventh causes of action which should have further incorporated such changes.  (ECF No. 96 at 49, 51.)  The Court finds Plaintiffs' proffered correction shall be incorporated into the judgment pertaining to the fifth and seventh causes of action herein.

b.     On the Second Cause of Action:

Judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendants Jack Carter & Susie Carter (as individuals and in their capacity as Trustees), Phil Zavala & Julie Zavala jointly and severally in the amount of $765,906.06, plus daily interest of $178.3617 from September 25, 2019, to the date of entry of judgment, plus costs and attorneys' fees.

c.     On the Third Cause of Action:

Judgment in favor of Plaintiff Robert Christofferson against Defendant All Pure in the amount of $231,047.65, plus accrued interest unpaid in the amount of $9,635.27, plus daily interest of $63.3007 from May 29, 2020, to the date of entry of judgment, plus costs and attorneys' fees.

d.     On the Fourth Cause of Action:

Judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendant All Pure in the amount of $780,998.33, plus daily interest of $182.4966 from September 25, 2019 to the date of entry of judgment, plus costs and attorneys' fees.

e.     On the Fifth Cause of Action:

Judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendant All Pure Pool & Spa, Inc. (APPS), in the principal amount of $1,012,045.98, plus $9,635.27 of accrued, yet unpaid interest, plus daily interest of $182.4966 from September 25, 2019 to the date of entry of judgment, plus daily interest of $63.3007 from May 29, 2020 to the date of entry of judgment, plus costs and attorneys' fees.

f.     On the Sixth Cause of Action:

Judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendant All Pure for the All Pure Collateral including:

(1)     All Accounts;

(2)      All Chattel Paper;

(3)      All Contracts;

(4)      All Equipment;

(5)      All General Intangibles;

(6)      All Goods;

(7)      All Instruments and letters of credit;

(8)      All Intellectual Property;

(9)       All Inventory;

(10)     All Investment Property;

(11)     All Deposit Accounts;

(12)     All money, cash, or cash equivalents; and

(13)     To the extent not otherwise included, all proceeds and products of the foregoing and all accessions to, substitutions and replacements for, and rents and profits of each of the foregoing.

Or the amount of $780,998.33, plus daily interest of $182.4966 from September 25, 2019 to the date of entry of judgment, plus costs and attorneys' fees.

g.      On the Seventh Cause of Action:

Judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendant All Pure Pool & Spa, Inc. (APPS):

(1)      All Accounts;

(2)      All Chattel Paper;

(3)      All Contracts;

(4)      All Equipment;

(5)      All General Intangibles;

(6)      All Goods;

(7)      All Instruments and letters of credit;

(8)      All Intellectual Property;

(9)       All Inventory;

(10)    All Investment Property;

(11)    All Deposit Accounts;

(12)    All money, cash, or cash equivalents; and

(13)    To the extent not otherwise included, all proceeds and products of the foregoing and all accessions to, substitutions and replacements for, and rents and profits of each of the foregoing.

Or the amount of $1,021,681.25, plus daily interest of $182.4966 from September 25, 2019 to the date of entry of judgment, plus daily interest of $63.3007 from May 29, 2020 to the date of entry of judgment, plus costs and attorneys' fees.

h.    <u>On the Eighth Cause of Action:</u>

Judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendants Jack Carter & Susie Carter (as individuals and in their capacity as Trustees), Phil Zavala, & Julie Zavala, for the possession of all right, title, and interest in the stock shares now owned, or hereafter acquired in All Pure and APPS, as described in Section III(C)(2)(c) of the magistrate judge's findings and recommendations (ECF No. 96 at 22-29), plus costs and attorneys' fees.

i.    <u>On the Ninth Cause of Action:</u>

Declaratory judgment in favor of Plaintiffs Robert and Sandra Christofferson against Defendants Jack & Susie Carter (individually and in their capacity as trustees), Phil Zavala, & Julie Zavala, determining that: (1) Defendants have breached their respective contracts and obligations, including the Agreement, Note, Consulting Agreement, All Pure Guaranty, APPS Guaranty, All Pure Security Agreement, APPS Security

Agreement, and the Carter and Zavala Security Agreement; and (2) Plaintiffs are entitled to exercise their rights and remedies over the Carter and Zavala Collateral as set forth in the Carter and Zavala Security Agreement, including, but not limited to, transferring and registering the Carter and Zavala Collateral in their names, or any part of it, and exercise all rights, options, and privileges with respect to the Carter and Zavala Collateral as set forth in the Carter and Zavala Security Agreement.

j.   <u>On all Causes of Action:</u>

Plaintiffs shall recover attorneys' fees and costs from Defendants, and each of them, who are liable jointly and severally, as follows:

(1)   Attorneys' fees in the amount of $82,368.00; and,

(2)   Court costs in the amount of $2,816.55.

Defendants, and each of them, shall be entitled to a credit for the amount of proceeds recovered by Plaintiffs from the disposition of any of the personal property recovered by Plaintiffs from Defendants.

5.   The Clerk of the Court is DIRECTED to enter judgment in plaintiff's favor and CLOSE this case; and

6.   Plaintiffs shall serve a copy of this order on Defendants within five (5) days of entry.

IT IS SO ORDERED.

Dated:   July 7, 2020    _____

SENIOR DISTRICT JUDGE